STATE OF NORTH CAROLINA v. MICHAEL C. SEVERN, DEFENDANT

No. COA97-1122

(Filed 21 July 1998)

**Search and Seizure— statement in affidavit—bad faith**

The trial court erred in a marijuana prosecution by denying defendant's motion to suppress the results of a search warrant where the affidavit supporting the warrant stated that the detective had been able to recover both marijuana and cocaine from inside of defendant's residence using "investigative means" even though the detective admitted at trial that he had obtained the marijuana and cocaine from a trash can and had not been inside the residence. Although every false statement in an affidavit is not necessarily made in bad faith, a person may not knowingly make a false statement in good faith for the purposes of an affi-

davit in support of a search warrant. The detective here knowingly made a false statement; indeed, he testified that he used the words "investigative means" in order to conceal from the defendant how the evidence was obtained.

Appeal by defendant from order dated 5 February 1997 by Judge F. Gordon Battle in Wake County Superior Court. Heard in the Court of Appeals 13 May 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General Elizabeth F. Parsons, for the State.*

*McMillan, Smith & Plyler, by Duncan A. McMillan, for defendant appellant.*

GREENE, Judge.

Michael C. Severn (defendant) appeals from the denial of his motion to suppress.

The facts are as follows: On 20 August 1996, Detective R.A. McLeod (Detective McLeod) swore to an affidavit in support of an application for a search warrant. In applying for the search warrant, Detective McLeod stated that he had received an anonymous tip from a confidential source that controlled substances were being "stored, sold, and distributed from 4313 Ryegate Drive, Raleigh, North Carolina." He further stated that he had "been able to recover both marijuana and cocaine from inside of [the defendant's] residence, using investigative means." After obtaining the search warrant, Detective McLeod searched the defendant's home and found marijuana and drug paraphernalia. The defendant was then indicted for possession with intent to sell and deliver marijuana, and for maintaining a dwelling for keeping, selling, and using controlled substances.

The defendant made a motion to suppress the evidence seized from his residence on the grounds that there was false information submitted in the affidavit. At the hearing on the motion to suppress, Detective McLeod testified to the following: After receiving an anonymous tip that the defendant was trafficking marijuana he verified some of the information such as the description of the residence and the address and also conducted surveillance on the defendant's residence.

Detective McLeod then contacted the City of Raleigh sanitation service to determine the day and time of the defendant's trash pick-up. He was told that pick-up occurred on Tuesdays and Fridays between 7:30 and 9:30 in the morning. On 20 August 1996, Detective McLeod and another officer, Detective Smith, went to the defendant's residence and picked up the defendant's trash bag from the inside of the trash can. The trash can was located inside of a wooden bin next to the side of the house, approximately four to six feet from the driveway and approximately twenty to twenty-five feet from the road. Detective McLeod took the trash bag to the police station and searched the bag there. He stated that he found a plastic straw with cocaine residue on the inside of the straw and two grams of marijuana consisting of seeds, stems, and leaves.

Detective McLeod further testified that he then went before a magistrate to obtain a warrant to search the inside of the defendant's residence. At the suppression hearing, Detective McLeod admitted that although he stated in the affidavit that he had obtained drugs from "inside the residence," he had not "personally [gone] inside the residence to get anything." He testified he had deduced that the controlled substances had been used inside the residence. Detective McLeod explained that he "just used common sense in saying that it is in a trash bag along with his mail and other articles that [were] normally used inside of the . . . house" and therefore "it probably came from inside." Detective McLeod stated that he had no intention of misleading the magistrate.

He further testified that he used the terms "investigative means" because he did not want the defendant to know that a trash pick-up was the actual method used in order to obtain a search warrant to search the residence. According to Detective McLeod, "most of the magistrates know that when . . . officers present something in this fashion [that drugs have been recovered from inside of a residence] that it is a trash pickup but is worded in such a way as not to draw attention from the suspect in question."

The trial court denied the defendant's motion to suppress and the defendant entered pleas of guilty; however, he gave notice to the State that he reserved his right to appeal. *See State v. Reynolds*, 298 N.C. 380, 397, 259 S.E.2d 843, 853 (1979) (before plea negotiations are finalized defendant must give notice to district attorney and trial court that he intends to appeal denial of motion to suppress), *cert. denied*, 446 U.S. 941, 64 L. Ed. 2d 795 (1980). The trial court sen-

tenced the defendant to a minimum of six months and a maximum of eight months in prison. The trial court then suspended the sentence and placed the defendant on a supervised probation.

The issue is whether an affidavit by a police officer that he obtained controlled substances from "inside" the defendant's residence "using investigative means" is a false statement made in bad faith when the police officer had not been inside of the defendant's residence.

N.C. Gen. Stat. § 15A-978 provides that a defendant can challenge the "validity of a search warrant and the admissibility of evidence obtained thereunder by contesting the truthfulness of the testimony" which showed probable cause for the issuance of the warrant. N.C.G.S. § 15A-978(a) (1997). The section defines truthful testimony as "testimony which reports in good faith the circumstances relied on to establish probable cause." *Id.*

A factual showing sufficient to support probable cause requires a truthful showing of facts. *Franks v. Delaware*, 438 U.S. 154, 164-65, 57 L. Ed. 2d 667, 678 (1978). "Truthful," however, " 'does not mean . . . that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge . . . .' " *State v. Fernandez*, 346 N.C. 1, 13, 484 S.E.2d 350, 358 (1997) (quoting *Franks*, 438 U.S. at 165, 57 L. Ed. 2d at 678). Instead, "truthful" means "that the information put forth is believed or appropriately accepted by the affiant as true." *Franks*, 438 U.S. at 165, 57 L. Ed. 2d at 678. A defendant must make a preliminary showing that the affiant "knowingly, or with reckless disregard for the truth, made a false statement in the affidavit." *Fernandez*, 346 N.C. at 14, 484 S.E.2d at 358. Only the affiant's veracity is at issue in the evidentiary hearing. *Id.* Furthermore, a claim under the *Franks* case is not established by presenting evidence which merely "contradicts assertions contained in the affidavit or . . . shows the affidavit, contains false statements." *Id.* Rather, the evidence presented "must establish facts from which the finder of fact might conclude that the affiant alleged the facts in bad faith." *Id.*

If a defendant establishes by a preponderance of the evidence that a "false statement knowingly and intentionally, or with reckless disregard for the truth" was made by an affiant in an affidavit in order to obtain a search warrant, that false information must be then set

STATE v. SEVERN

[130 N.C. App. 319 (1998)]

aside. *Franks*, 438 at 155-56, 57 L. Ed. 2d at 672. If the "affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id.* at 156, 57 L. Ed. 2d at 672.

In this case, in the affidavit, Detective McLeod stated that he had recovered "both marijuana and cocaine from inside" of the residence. At the hearing for the motion to suppress, however, he admitted that he had never recovered any evidence from inside of the residence prior to obtaining the search warrant.

It is true that every false statement in an affidavit is not necessarily made in bad faith. An affiant may be unaware that a statement is false and therefore include the statement in the affidavit based on a good faith belief of its veracity. In this case, however, Detective McLeod admitted that he did not go inside of the residence; therefore, by stating in the affidavit that he had recovered evidence from within the residence, he knowingly made a false statement. A person may not knowingly make a false statement in good faith for the purposes of an affidavit in support of a search warrant. In so holding we are not persuaded by the State's argument that the addition of the words "using investigative means" transforms the context of the affidavit and reveals that the statement taken as a whole is truthful. It remains undisputed that no one entered the defendant's residence; the statement to the contrary was false and the affiant knew that it was false. Indeed, Detective McLeod's use of the words "investigative means" further supports our holding that the affidavit was entered in bad faith. He testified that he used the words in order to conceal from the defendant how the evidence to support the search warrant was obtained.

Because the statements made by Detective McLeod were false and made in bad faith, they must be stricken from the affidavit. Moreover, the State does not contend, nor do we believe, the remaining contents of the affidavit are sufficient to establish probable cause. As a result, the trial court erred in not granting the motion to suppress.

Reversed and remanded.

Judges MARTIN, Mark D. and TIMMONS-GOODSON concur.